## Trinity Congregational Church *v.* Thompson.

*Trusts and trustees—Title to land—Security for debt—Church law.*

Where certain trustees and members of a church congregation purchase land for the use of the church, but take the title to the land in their own name without any agreement that the title shall be held as security for the payment of advances made by them to the church, except merely the promise of the pastor, the grantees in the deed will be decreed to convey the land to the church corporation free from any trust, but without prejudice to their right to enforce payment of the debts due them in connection with all other bona fide creditors of the church.

Argued Nov. 2, 1909. Appeal, No. 110, Oct. T., 1909, by Hiram S. Chinn, R. L. Wilson and W. H. S. Rodgers, from decree of C. P. No 1, Allegheny Co., June T., 1908, No. 684, on bill in equity in case of Trinity Congregational Church of Pittsburg and Robert Stevenson as Trustee v. Robert R. Thompson, V. M. Beckett, David A. James, Hampton Herbert, Hiram S. Chinn, R. L. Wilson and W. H. S. Rodgers. Before FELL, BROWN, POTTER and STEWART, JJ. Affirmed.

Bill in equity to enforce a trust by a conveyance of real estate.

MILLER, J., specially presiding, filed the following opinion:

The bill alleges that the defendants hold title to church property belonging to the plaintiff corporation and prays for a conveyance. The answer and cross bill, by three of the defendants, aver in substance, that they hold title to such church property lot individually at the request of the pastor and trustees of said church for said congregation, with an agreement that they are to be paid for any claims or moneys they have advanced in the purchase of the church lot and erection of a building thereon.

In the cross bill they pray for a receiver, for an accounting and the precedent payment of their demands.

The other defendants have filed no answer, and a decree pro confesso has been or may be taken against them.

### FINDINGS OF FACT.

1. Prior to July 11, 1905, Rev. I. S. Lee, as pastor, and a large number of persons formerly connected with a church on Wylie avenue in this city, determined to form a new church organization, taking the name of Trinity African Methodist Church, and for that purpose he entered into negotiations for the purchase of a lot. A congregational meeting decided upon the purchase of a lot and erection of a church building; the board of trustees of said congregation, consisting of nine members, at a regular meeting following, on July 11, of that year, as shown by the minutes, resolved "that we buy the property under consideration at a price not more than $6,000."

2. On August 25, 1905, an agreement was made between Florence C. Miller of the one part and the Rev. I. S. Lee, R. R. Thompson, V. M. Beckett, David A. James, Hampton Herbert and Hiram S. Chinn, representing the church organization, of the other part, whereby for the consideration of $5,780, three lots of ground in F. C. Miller's Plan of Lots, fronting sixty-four feet on Center avenue and extending back eighty-one feet, was contracted for; the deed was to be made

to the parties of the second part, who were the pastor and a number of the trustees, in full payment of the consideration; all of which is shown by exhibit 9, made part hereof.

3. The foregoing agreement was modified November 9, 1905, as shown by exhibit 10, made part hereof, wherein the time for payment was extended and the deed was to be made to whomever the Rev. I. S. Lee may in writing designate.

Following this agreement an intermediate conveyance was made to Charles Slagle, Esq., and later he by the direction of the pastor made title by deed dated June 24, 1906, to the foregoing five trustees, including R. L. Wilson and W. H. S. Rodgers, who were not members of the board of trustees. This deed is absolute in the defendants, free from any trust expressed therein, but it is admitted, and the fact is found, that they took title in trust for said church congregation.

4. In the meanwhile and following this conveyance funds were raised toward the erection and furnishment of the present building thereon, principally through the efforts of the pastor, Rev. I. S. Lee. These funds were by way of donations, gifts, pledges and church collections.

The defendants and other trustees and members advanced or loaned various sums in addition to their voluntary gifts; these when liquidated are debts due them; the amount thereof is not necessary to establish in this proceeding.

5. The church property as it stands is worth approximately $20,000. There are admitted debts, including mortgages, of about $10,000 against it, exclusive of the claims of the three defendants and others who advanced funds; the value of the property is more than sufficient to pay all just claims that may exist.

6. There was no agreement by the congregation or act by the board of trustees or by any person with authority to bind the congregation that title should be held in these defendants absolutely, as security for the claims, or that said claims were preferred as against other honest creditors.

7. The church organization is now incorporated under the name of the Trinity Congregational Church of Pittsburg, by decree of the court of common pleas No. 3 of this county, on

February 15, 1908; it is the legal successor in title and identity to what was formerly the unincorporated organization known as Trinity African Methodist Church and Trinity Congregational Church.

### CONCLUSIONS OF LAW.

1. Even if the pastor, Rev. I. S. Lee, did state that these defendants or any of them should hold title for the security of moneys advanced by them or others, his individual promise was without authority or binding effect on this congregation and was invalid as against other creditors; no congregational or trustee ratification or authority for such promise exists.

That these defendants may be creditors is apparent, and that they should be entitled to the payment of their just claims is a moral, as well as a legal obligation upon this church organization; but the only way they can be paid and this church get out of its difficulties is to place the title where it belongs, so that a legal conveyance may be made, if necessary, or a legal body have standing to raise funds pledging the church property therefor, for the purpose of paying its outstanding numerous obligations.

2. A trust in the defendants for the plaintiff corporation having been found, and no valid agreement existing that they should hold title as security for the payment of any claims they may have, it follows that they must convey the title they hold to the plaintiff, Trinity Congregational Church of Pittsburg, a corporation, without prejudice, however, to their right to demand and enforce payment of any adjudicated debts due them in connection with all other bona fide creditors.

3. A decree may be drawn directing the defendants and the others holding title with them to convey the land shown by the deed which they hold, to the plaintiff corporation, freed from any trust. The cross bill must be dismissed and the defendants in the original bill pay the costs.

*Error assigned* was the decree of the court.

*G. W. Williams*, with him *N. S. Williams* and *Albert J. Edwards*, for appellant.

*John D. Watson,* with him *J. Welfred Holmes* and *Haven V. Wolf,* for appellees.

PER CURIAM, January 3, 1910:

The decree is affirmed on the findings of fact and conclusions of law by Judge MILLER, specially presiding.